

**U.S. Department of Justice**
*United States Attorney*
*District of Maryland*

---

*Keelan F. Diana*
*Special Assistant United States Attorney*
*Keelan.Diana@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4958*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*

October 3, 2025

The Honorable Stephanie A. Gallagher
United States District Judge
Edward A. Garmatz Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

        Re:     United States v. Deshawn Taylor
                Crim. No. SAG-23-207

Dear Judge Gallagher:

        The Government submits this letter in advance of sentencing in the above-captioned case, which is scheduled for October 8, 2025, at 2:00 p.m.  The Government respectfully recommends that the Court impose a sentence of **13 months of imprisonment** on the Defendant, Deshawn Taylor ("Mr. Taylor" or the "Defendant"), pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and the terms of the plea agreement entered into by the Parties on January 30, 2025.[1]  *See* ECF No. 49.

### Factual Background

        On January 6, 2023, at approximately 10:00 a.m., Maryland State Police ("MSP") officers were operating an unmarked patrol vehicle in Worcester County, Maryland.  They were parked at the junction of U.S. 113 and Carey Road in Berlin, Maryland, monitoring the speed of traffic traveling southbound.  A white Ford Fusion with North Carolina tags drove by in the fast lane traveling at a speed that appeared to exceed the posted limit of 55 miles per hour.  An MSP radar unit clocked the Ford Fusion traveling at 75 miles per hour.

        The officers conducted a traffic stop.  They approached the vehicle and spoke with the front passenger, Mr. Taylor, along with the vehicle's other two occupants, the driver and a backseat passenger.  When officers asked the driver about the vehicle's registration, Mr. Taylor replied that it was registered to his mother.  Officers detected a strong marijuana odor emanating from inside

---

[1] The Government reserves the right to supplement this memorandum with evidence and argument at the sentencing hearing.

the vehicle and searched it. Inside, they found two firearms: one black Taurus G2C 9mm semiautomatic handgun bearing serial number ACH200365, which was loaded with nine 9mm rounds (with one round chambered), and one black Glock 26 9mm semiautomatic handgun bearing serial number BGCT200, which was loaded with eleven 9mm rounds. The first gun was in the pocket of a black jacket recovered from the floorboard behind the driver's seat, and the second was in a storage compartment behind the passenger seat. A National Crime Information Center check was conducted on both weapons, revealing that the Glock handgun had been reported stolen from the Sanford Police Department in the State of North Carolina on September 14, 2022. Officers also recovered drug paraphernalia.

During the vehicle search, Mr. Taylor requested his jacket—the black jacket from which officers had recovered the loaded Taurus. Mr. Taylor volunteered that the Taurus was his, that he needed it for protection, that he did not have a permit to carry it. He denied that the stolen Glock was his.

## Sentencing Procedure

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court of the United States established a multi-step process for imposing sentence in a criminal case. 552 U.S. at 51–52. A sentencing court should begin by correctly calculating the applicable guidelines range under the United States Sentencing Guidelines ("USSG" or "Guidelines"). *Id*. at 49–50. After providing the parties with an opportunity to present argument, the court should consider the factors set forth in 18 U.S.C. § 3553(a), "mak[ing] an individualized assessment based on the facts presented." *Id*. at 50; *accord United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011). If the court "decides that an outside-[g]uidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

## Factors Set Forth in 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

Nature and Circumstances of the Offense, Seriousness of the Offense, and the Need to Protect the Public From Further Crimes of the Defendant (18 U.S.C. § 3553)(a)(1)-(2))

Mr. Taylor was arrested after admitting to possessing a loaded firearm. The firearm was recovered from his vehicle. This vehicle was stopped because an MSP radar unit clocked it traveling twenty miles over the posted speedy limit in rural Maryland; when officers pulled over

the vehicle, it smelled strongly of marijuana. *See* ECF No. 52, Presentence Investigation Report ("PSR"), ¶¶ 9-12. The vehicle also contained drug paraphernalia and a firearm that had been stolen from a police department in North Carolina. *Id.* at ¶ 11. That firearm was loaded as well.

Mr. Taylor told officers that he was traveling through Maryland en route from New York to North Carolina, where he lived at the time. He and the passengers of the vehicle do not appear to have any connection to Maryland. Nevertheless, Mr. Taylor was engaged in dangerous conduct that could have placed lives at risk, including his own and those of his friends. He was traveling in a vehicle—speeding, in fact—with two loaded firearms, each of which had a round chambered and ready to fire. The possession of a loaded firearm in a vehicle endangers the public. As gun-related violence continues to soar, such reckless indifference to public safety should be roundly discouraged.

<u>History and Characteristics of the Offender (18 U.S.C. § 3553(a)(1))</u>

Mr. Taylor has a limited but serious criminal history. On May 25, 2022, he was sentenced to 11-23 months of imprisonment for being an accessory after the fact to an assault with intent to kill. *Id.* at ¶ 31. His history of arrests and charged offenses[2] is concerning as well: Mr. Taylor was charged with second degree murder in Brooklyn, New York, after which he apparently fled to Scranton, Pennsylvania, where he was charged and then extradited back to Brooklyn. *Id.* ¶¶ 35-36. He was also charged with possession with intent to distribute marijuana in North Carolina. *Id.* ¶ 37. His relatively low criminal history score reflects the fact that he has a single conviction.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Rule of Law, and to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2))</u>

In crafting the Defendant's sentence, the Court should consider the seriousness of the Defendant's conduct and the need to promote respect for the rule of law. The Defendant's conduct was serious, but involved no violence—merely the specter of violence that hangs over all crimes involving illegal firearm possession. His personal history and characteristics reflect someone from a supportive family who has made mistakes but attempted to improve himself. And he has been on pretrial release outside the District of Maryland since his initial appearance on July 10, 2023. ECF No. 9. Thus, the Government is seeking a below-Guidelines sentence.

## **Conclusion**

For the reasons stated above, the United States respectfully submits that a sentence of 13 months of imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

We sincerely thank the Court for its consideration in this matter.

---

[2] The PSR indicates that Kings County Criminal Court would not share records of this charge with the U.S. Probation Office absent an order of the court. Thus, there is no information regarding the disposition of this case.

Very truly yours,

Kelly O. Hayes
United States Attorney


_____/s/_____

Keelan F. Diana
Special Assistant United States Attorney


cc:      Benjamin Herbst, Esq.